1CHARLES R. JONES, Judge.
Appellant, Lynn Eric Williams, Jr., appeals the judgment of the district court dismissing his Petition for Nullity and denying his Motion for New Trial. Following a review of the record, we reverse and remand.

Facts and Procedural History

This appeal arises out of a judgment of default entered by the Civil District Court for the Parish of Orleans against the Appellant, Mr. Lynn Eric Williams [1]. Michael Barnes, the Appellee, filed suit against Mr. Williams for injuries he sustained as a result of a physical assault. Since the sheriff was unable to serve Mr. Williams, Mr. Edward Martina was appointed as a special process server. Mr. Martina personally served Mr. Williams with process at 1704 Chantilly Drive in LaPlace, Louisiana. After legal delays, Mr. Barnes was awarded damages by preliminary default judgment, which was confirmed on April 5, 1999. A judgment-debtor rule was served on Mr. Williams at 1704 Chantilly Drive. Mr. Lynn Eric Williams, Sr., father of the Appellant, filed *57 an Action of Nullity seeking annulment of the judgment for lack of service of process. As a result, the judgment | ?was amended to reflect the birth date and social security number of Mr. Williams, Jr. Thereafter, Mr. Williams, Jr., filed a Petition for Nullity alleging lack of service of process. In response, Mr. Barnes filed an Exception of Res Judicata, asserting that proper service was executed against Mr. Williams, Jr. The Petition for Nullity was dismissed, and the exception was granted. Subsequently, Mr. Williams, Jr., filed a Motion for New Trial, which was denied. It is from these judgments that Mr. Williams, Jr., appeals.

Res Judicata

In his first assignment of error, Mr. Williams, Jr., argues that the district court erred by granting the Peremptory Exception of Res Judicata filed by Mr. Barnes in response to Mr. Williams, Jr.’s, Petition for Nullity. Mr. Williams, Jr., argues that his Petition for Nullity involved different parties and different issues from the Petition for Nullity filed by his father, and therefore is not subject to res judicata. Mr. Barnes argues that the parties are the same, as Mr. Williams, Jr., was always the defendant, and that the issues raised and resolved in both petitions involved the correct identity of the defendant in default. Therefore, Mr. Barnes argues, res judicata should be invoked.
The pertinent provisions of La. R.S. 13:4231, the article addressing Res Judica-ta, states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
1. If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. ...
3. A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action | ^between them with respect to any issue actually litigated and determined if its determination was essential to that judgment.
“Under the res judicata doctrine, ‘the formula derived in Louisiana jurisprudence states there must be identity in the two suits as to the thing demanded, the demand must be founded on the same cause of action, and the demand must be between the same parties.’ ” Berrigan v. Deutsch, Kerrigan & Stiles, LLP, 2002-0612, p. 5 (La.App. 4 Cir. 1/2/02), 806 So.2d 163, 167, citing, Cuccia v. Jefferson Parish School Board, 613 So.2d 1141, 1142 (La.App. 5th Cir.1993).
The issue in the first Action of Nullity involved the identity of the defendant in default. The determination was made by the district court as to the proper defendant in default. The instant Petition for Nullity raises the same issue, the correct identity of the defendant in default. Thus, the issues are the same.
The district court factually determined in the first Petition for Nullity that Mr. Williams, Jr., was served with service of process and was the defendant in default. However, it was Mr. Williams, Sr., who initially appeared. Therefore, the same parties were not before the district court in that first Petition for Nullity. Although Mr. Williams, Jr., was the party cast in default, and the district court amended the judgment to reflect the birth date and social security number of Mr. Williams, Jr., he was not before the district court, and there was no need to afford him the opportunity to defend himself. The parties in the first Petition for Nullity were *58 Mr. Barnes and Mr. Williams, Sr., and the parties in the instant Petition for Nullity are Mr. Barnes and Mr. Williams, Jr. The parties are not the same.
^Considering that the parties are not the same in both actions, the district court erred in dismissing Mr. Williams, Jr.’s Petition for Nullity and granting Mr. Barnes’ Exception of Res Judicata.

Motion for New Trial

In his second assignment of error, Mr. Williams, Jr., argues that the district court erred by denying his Motion for New Trial based on his Petition for Nullity. He argues that the two nullity actions involved different parties and different causes of action, and therefore the judgment was contrary to the law and evidence entitling him to a new trial. Mr. Barnes argues that the district court was correct in denying the Motion for New Trial because no new issues were raised in the Petition for Nullity filed by Mr. Lynn Eric Williams, Jr.
La. C.C.P. art.l972(l) provides:
A new trial shall be granted, upon contradictory motion of any party, in the following cases: (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
As previously discussed, the parties in both nullity actions are not the same. Therefore, the judgment granting the Exception of Res Judicata and dismissing the Petition for Nullity was contrary to the law and the evidence, and the Motion for New Trial was improperly denied.
| &Decree
For the reasons stated herein, the judgment of the district court dismissing the Petition for Nullity filed by Lynn Eric Williams, Jr., denying his Motion for New Trial, and granting the Exception of Res Judicata filed by Michael Barnes is hereby reversed, and the matter is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

. The petition filed by Mr. Michael Barnes did not indicate whether the defendant was Mr. Lynn Eric Williams, Sr. or Mr. Lynn Eric Williams, Jr.