987 So.2d 353 (2008)
Louis BALLERO
v.
FIRSTRUST CORPORATION, d/b/a First Bank and Trust.
No. 2007-CA-1622.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 2008.
Alan F. Kansas, The Law Office of Alan Kansas, PLLC Gretna, LA, for Louis Ballero.
Thomas P. Hubert, Jane H. Heidingsfelder, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P. New Orleans, LA, for First Bank and Trust.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
TERRI F. LOVE, Judge.
This appeal arises from the resignation of a First Bank and Trust employee. The employee filed a motion for summary judgment asserting that the severance clause contained in his employment contract applied to his resignation. First Bank and Trust also filed a motion for summary judgment alleging that the severance clause applied to terminations, i.e., firings. The trial court granted First Bank and Trust's motion for summary judgment. We find that genuine issues of material fact exist as to whether the severance clause only applies if the employee was fired and reverse.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Louis Ballero ("Mr. Ballero") agreed to work for First Bank and Trust ("Bank") on April 5, 1999. His employment contract contained a severance clause allegedly intended to protect Mr. Ballero if Mr. Ryan left the Bank. Mr. Ballero and Ashton Ryan, Jr. ("Mr. Ryan"), the then President and CEO of the Bank, previously worked together at other banks.
In July 2005, Mr. Ryan resigned from the Bank. Mr. Ballero also resigned in September 2005. Upon his resignation, Mr. Ballero asserted that the Bank owed him "three year's salary as a termination payment." The Bank alleged that the severance clause only applied if Mr. Ballero was fired and refused payment.
Mr. Ballero filed a petition for damages against the Bank. The Bank then filed an exception of no cause of action, which the trial court granted as to claims regarding *354 La. R.S. 23:631 and dismissed attorneys fees and penalties. The exception of no cause of action was otherwise denied. Mr. Ballero then filed an exception of vagueness as to the affirmative defenses of fraud, mistake, and identity. The Bank withdrew its amended answer, which contained the vague allegations. However, the Bank withdrew without prejudice so that those affirmative defenses could be raised again.
The Bank filed a motion for summary judgment asserting that no genuine issues of material fact existed that the severance clause only applied if Mr. Ballero was fired. Mr. Ballero also filed a motion for summary judgment alleging that no genuine issues of material fact existed as to whether the Bank owed him $512,451, plus interests and costs. The trial court denied Mr. Ballero's motion for summary judgment and granted the Bank's motion for summary judgment. The trial court stated that Mr. Ballero "voluntarily resigned; he was not terminated." Mr. Ballero appealed.

STANDARD OF REVIEW
Appellate courts review summary judgments using the de novo standard of review. Kimpton Hotel & Rest. Group, Inc. v. Liberty Mut. Fire Ins. Co., 07-1209, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 72, 75. The appellate court must use the same criteria the trial court utilized to determine if summary judgment is appropriate. Gray v. Am. Nat'l Prop. & Cas. Co., 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844, quoting Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). However, "if the movant will not bear the burden of proof at trial on the matter that is before the court . . . the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2).
The movant must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2). "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).

SUMMARY JUDGMENT
Mr. Ballero asserts that the trial court erred in granting the Bank's motion for summary judgment because "termination" can be interpreted as voluntary or involuntary.
"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. C.C. art. 1906. The "[i]nterpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. A word not defined in a contract must be given its "generally prevailing meaning." La. C.C. art. 2047. However, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. However, "[w]ords susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La. C.C. art. 2048.
Similarly, a provision with multiple meanings "must be interpreted with a *355 meaning that renders it effective. . . ." La. C.C. art. 2049. However, provisions must also be interpreted congruently. La. C.C. art. 2050. If worded in general terms, a contract "must be interpreted to cover only those things it appears the parties intended to include." La. C.C. art. 2051.
The Bank cites to the original version of the severance clause, which read:
In the event Ashton J. Ryan, Jr. is not an executive of First bank and Trust or of Firsttrust Corporation and Officer's employment is terminated for any reason other than gross neglect of duty or commission of an illegal act, officer shall be entitled to three year's salary as a termination payment. (Emphasis added).
However, the final severance clause signed on April 5, 1999, reads:
In the event Ashton J. Ryan, Jr. is not an executive of First Bank and Trust Corporation or its successors, or the Corporation is subject to material change of control or Officer's employment is terminated for any reason other than gross neglect of duty or commission of an illegal act, or there is diminution in salary, officer shall be entitled to three year's salary as a termination payment. (Emphasis added).
Importantly, the first version includes the conjunction "and," which requires two or more events to occur in order to trigger the severance payment. Mr. Ryan must no longer work with the Bank and Mr. Ballero must be terminated for certain reasons. On the other hand, the final version utilizes the conjunction "or," which only requires the fulfillment of one provision to trigger the severance payment. Hence:
1) Mr. Ryan must no longer work with the Bank; or
2) The control of the Corporation has a material change; or
3) Mr. Ballero's employment is terminated for certain reasons; or
4) Mr. Ballero's salary is decreased.
The Bank asserts that "termination payment" implies that Mr. Ballero received the severance payment if and when he was fired. However, the severance clause includes the provision regarding a decrease in Mr. Ballero's salary as a triggering event. This signifies that Mr. Ballero would still be employed with the Bank, but if his salary decreased, he would receive the severance payment.
The object of a severance clause is to provide money to an employee if certain provisos, as detailed in the severance clause, occur. On the other hand, "termination" usually applies to an employee's firing. Accordingly, we find that genuine issues of material fact exist as to whether the Bank and Mr. Ballero intended for the severance clause to be triggered in these circumstances.

DECREE
For the reasons stated above, we find that genuine issues of material fact exist as to the application of the severance clause and reverse.
REVERSED AND REMANDED.