MOON LANDRIEU, Judge Pro Tempore.
_JjOn the application of the plaintiffs, Faye Thibodeaux Danos, Julie Danos Landry, Jill Danos Trosclair and Jana Danos Anzelmo, we grant rehearing to reconsider our opinion of February 13, 2008, which affirmed the district court’s summary judgment in favor of the defendant, Foster Wheeler, LLC. Following reargument before a panel of five (5) judges, we vacate our earlier opinion, reverse the trial court judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
This suit was initially filed on behalf of Golzie Danos and his wife, Faye Thibo-deaux Danos, for injuries sustained by Mr. Danos in connection with his employment by Northrup Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avon-dale Shipyards, Inc. (Avondale) from approximately 1964 to 1977. Following Mr. Danos’ death from mesothelioma, his widow and adult children filed survival and wrongful death actions. The plaintiffs allege that Mr. Danos was exposed to asbestos-containing products developed and manufactured by Foster pWheeler, which *162 exposure caused him to contract mesotheli-oma and ultimately caused his death.[1]
Foster Wheeler filed a Motion for Summary Judgment alleging that it is an engineering company that designs power generation equipment such as boilers and that it never manufactured asbestos products. The trial court granted summary judgment finding that there was insufficient evidence to overcome plaintiffs’ burden of proof at trial that Mr. Danos was exposed to asbestos from any products manufactured by Foster Wheeler. Plaintiffs appealed that ruling.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230; Grant v. American Sugar Refining, Inc., 06-1180, p. 3 (La.App. 4 Cir. 1/31/07), 952 So.2d 746, 748. Summary judgments shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B). However, as noted by the Supreme Court in Sunbeam, supra, the trial court cannot make credibility determinations on a motion for summary judgment. Sunbeam, 99-2181, 99-2257, p. 16, 755 So.2d at 236.
|SA fact is material if it is essential to plaintiffs cause of action under the applicable theory of recovery and, without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail. Grant, 06-1180, p. 4, 952 So.2d at 748-49. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Grant, 06-1180, p. 4, 952 So.2d at 749. Thus, to determine if the trial court erred in granting Foster Wheeler’s motion for summary judgment, we must determine whether any genuine issues of material fact exist.
DISCUSSION
Mr. Danos was employed by Avon-dale for approximately 13 years as an electrician’s helper, electrician, terminator and foreman. He performed new construction and repair work on vessels such as destroyer escorts, Coast Guard cutters and high endurance ships, Exxon tankers, LASH vessels, and various cargo vessels. Although Mr. Danos admitted that he did not work on boilers, he testified by deposition[2] that he worked around other men who were laying pipes on and to the boilers. Mr. Danos stated that sometimes the insulating work being done on the boilers would interfere with his electrical work because the area was “very dusty,” and insulating adhesives that fell on the electrical cables would have to be scraped off. Mr. Danos recalled that products from several manufacturers, including Eagle, Taylor, Kylo, Micarta, Flintkote and Benjamin Foster, were |4applied to or used in connection with the boilers. Mr. Danos further testified that his work around boilers was limited to the destroyer escorts.
Exposure in asbestos cases refers to inhalation of asbestos fibers into the lungs. *163 Hoerner v. ANCO Insulations, Inc., 00-2333, p. 7 (La.App. 4 Cir. 1/23/02), 812 So.2d 45, 55. Dr. Arnold R. Brody, an expert in the field of cell biology and pathology as it relates to asbestos, testified in a prior case “that mesothelioma is a disease that begins with a single fiber acting on a single cell, and it is impossible to state which of the individual’s multiple exposures was causative of mesothelioma.” Hennegan v. Cooper/T. Smith Stevedoring Co., Inc., 02-0282, p. 13 (La.App. 4 Cir.12/30/02), 837 So.2d 96, 105.
We know through years of litigation that industrial asbestos related diseases have a latency period of 10 to 40 years. See Products Liability: Inhalation of Asbestos, 39 A.L.R.4th 399. The most lethal of these diseases, mesothelioma, is rarely detected earlier than 20 years post exposure. Id. As a result, witnesses to the exposure of the asbestos are often elderly or deceased. Consequently, litigants are often forced to use depositions and transcripts from other proceedings to bolster their position. This case presents such a situation.
The deposition testimony of James Man-cuso, a former electrician at Avondale, established that the electricians and boiler makers worked in close proximity to one another, contributing to the exposure of asbestos from the boiler’s asbestos containing parts. Mr. Danos verified in his deposition that he worked around boilers on destroyer escorts. Although Mr. Danos did not specifically name |sFoster Wheeler boilers in his deposition, and Foster Wheeler claims that its boilers were not located on the destroyer escorts, the testimony of Lester Plaisance, who built and installed boilers, refutes that claim. Mr. Plaisance accurately named Foster Wheeler as a manufacturer of boilers for at least some of the destroyer escorts.
Here we are faced with conflicting testimony regarding the presence of Foster Wheeler boilers on the destroyer escorts, just as we were in Berthelot v. Avondale Industries, Inc., 02-1779, p. 1 (La.App. 4 Cir. 2/26/03), 841 So.2d 91. Based on the record, the plaintiffs have successfully established a genuine issue of material fact regarding Mr. Danos’ exposure to asbestos from Foster Wheeler’s boilers.
CONCLUSION
Accordingly, upon reconsideration, we vacate our opinion of February 13, 2008, reverse the trial court’s summary judgment in favor of Foster Wheeler and remand the matter to the trial court for further proceedings.
VACATED; REVERSED AND REMANDED.
KIRBY, J., dissents for the reasons assigned by Judge GORBATY.
GORBATY, J., dissents with reasons.
GORBATY, J., dissents with reasons.
^Because I find that Foster Wheeler sufficiently demonstrated the absence of factual support to sustain plaintiffs’ cause of action and that plaintiffs’ did not offer sufficient evidence to prove otherwise, I respectfully dissent.
Mr. Danos testified that he did not do much work around boilers at all; in fact, the only vessels on which he worked around boilers were the destroyer escorts. Evidence was produced by Foster Wheeler to prove that its boilers were not used on these particular vessels. Mr. Danos further testified that when he was in a boiler room when insulation was being done on pipes, he “would usually be out of there as fast as [he] could.”
Foster Wheeler offered evidence that the boilers on the destroyer escorts were *164 manufactured by Combustion Engineering. A designer for Combustion Engineering testified that the scope of supply of a boiler company was what went on inside the boiler, and did not go beyond this to the external connections.
Lester Plaisance, an Avondale boilermaker, testified that Foster Wheeler boilers were used on destroyer escorts. However, he stated that the Foster Wheeler name appeared only on the metal, tubes and headers, not on any cement or brick product installed on the boiler. Lester Adams, a warehouseman, confirmed that Foster Wheeler’s name was only on boxes of hardware, not boxes of block, pipe covering or insulation products.
|aRudy Walker testified that he worked around boilermakers who cut insulation to be installed on the boilers. As an electrician, he connected electrical components to the boilers while the insulating work was being done. Mr. Walker, however, did not testify that he ever worked with or around Mr. Danos, and further testified that he never worked on the destroyer escorts, the only vessels on which Mr. Danos stated he worked around boilers.
Plaintiffs offered a plethora of deposition testimony from various Avondale employees who testified that they worked on or around boilers. However, none of them testified that they worked with Mr. Danos. Similarly, numerous Avondale employees testified that Foster Wheeler boilers were installed on ships during the relevant time period. Foster Wheeler has freely admitted that it supplied boilers to Avondale. This fact, however, is relevant only if they were installed on vessels on which Mr. Danos worked, and pipefitting or other installation procedures exposed him to asbestos.
Based on the above record evidence, I find that plaintiffs have failed to produce factual support for their claim that Foster Wheeler caused or contributed to Mr. Da-nos’ disease or death sufficient to satisfy their evidentiary burden of proof at trial.

. This case has been resolved as to all other defendants.

. Mr. Danos died prior to the hearing on Foster Wheeler's motion for summary judgment.