997 So.2d 898 (2008)
Michael BARNES
v.
Lynn Eric WILLIAMS.
Lynn Eric Williams, Jr.
v.
Michael Barnes.
Nos. 2007-CA-0140, 2007-CA-0141.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
Rehearing Denied December 10, 2008.
*899 Deborah A. Pearce, New Orleans, LA, for Michael Barnes.
Ronald J. Landry, Metairie, LA, John J. Finckbeiner, Jr., New Orleans, LA, for Lynn Eric Williams, Jr.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
TERRI F. LOVE, Judge.
This appeal arises from an altercation with resulting injuries. Following a default judgment, the alleged aggressor in the altercation filed an action for nullity. The trial court granted a motion in summary judgment against the alleged aggressor, holding that service of process of the original petition and judgment debtor rule was proper. We find that the trial court incorrectly made credibility determinations as to the affidavits filed by the alleged aggressor, which is improper for the procedural vehicle of summary judgment. Therefore, we reverse and remand.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Lynn Eric Williams, Jr. ("Mr. Williams, Jr.") allegedly attacked Michael Barnes *900 ("Mr. Barnes") outside of the Basin Lounge. As a result, Mr. Barnes suffered injuries and filed a petition for damages against Mr. Williams, Jr. After several attempts at service, Mr. Barnes filed a motion and order to appoint a process server.[1] The trial court appointed Edward Martino[2] ("Mr. Martino") as the process server. The record reflects that Mr. Martino confected personal service on August 25, 1998, at 1704 Chantilly Drive in LaPlace.[3]
Mr. Barnes was granted a preliminary default as Mr. Williams, Jr. failed to answer the petition. The trial court confirmed the default judgment and ordered Mr. Williams, Jr. to pay Mr. Barnes $150,000, plus interest and costs. Again, Mr. Martino was utilized in order to confect service. Lynn Eric Williams, Sr. ("Mr. Williams, Sr.") then filed an action of nullity alleging that the petition and default judgment in the sub judice referred to him. The trial court amended the judgment to include Mr. Williams, Jr.'s date of birth and social security number and dismissed the action for nullity. Mr. Barnes then attempted an examination of judgment debtor.
Following the decision of the trial court to amend the judgment, Mr. Williams, Jr. filed a petition for nullity of the default judgment alleging improper service and/or no service. Mr. Barnes filed an exception of res judicata, due to the judgment resolving the first action for nullity, which the trial court granted. Mr. Williams, Jr. then filed a motion for a new trial, which was denied. On appeal, this Court remanded the case sub judice to the trial court because the parties were not the same in both actions for nullity; therefore, we found the exception of res judicata improper. Williams v. Barnes, 02-2132 (La.App. 4 Cir. 3/26/03), 844 So.2d 56.
After remand, Mr. Barnes filed a motion for summary judgment alleging that no genuine issues of material fact exist as to whether Mr. Williams, Jr. was properly served; thus, the action for nullity should be dismissed. The trial court granted the motion for summary judgment and dismissed Mr. Williams, Jr.'s petition for nullity with prejudice.[4] Mr. Williams, Jr. then filed a motion for a new trial, which the trial court denied. His appeal followed.
Mr. Williams, Jr. contends that the trial court erred in granting Mr. Barnes' summary judgment because: 1) no order appointing a process server was in the record at the time of the confirmation of default" and the latter included the name "Edward Martino;" 2) the trial court did not make "findings as to specific damages, general damages, negligence, or intentional acts" *901 pursuant to La. C.C.P. art. 1812(C) and La. C.C.P. art. 1917(B); 3) the judgment did not comply with La. C.C.P. art. 1702(D); 4) the award of $150,000 was clearly excessive; and 5) genuine issues of material fact exist because the affidavits submitted are contrary. Mr. Williams, Jr. also asserts that the trial court erred in denying his motion for a new trial.

STANDARD OF REVIEW
Appellate courts review a motion for summary judgment with the de novo standard of review. Danos v. Avondale Indus., Inc., 07-1094, p. 2 (La.App. 4 Cir. 7/2/08), 989 So.2d 160, 162. This Court must utilize the same criteria as the trial court. Id. "A motion for summary judgment will be granted `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.'" Ballero v. Firstrust Corp., 07-1622, p. 3 (La.App. 4 Cir. 6/11/08), 987 So.2d 353, 354, quoting La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). However, "if the movant will not bear the burden of proof at trial on the matter that is before the court ... the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2).

APPEAL SUBSTITUTION/MERITS OF THE UNDERLYING ACTION
Mr. Williams, Jr. asserts that the trial court's judgment did not comply with La. C.C.P. art. 1702(D), 1812(C), and 1917(B). Further, he contends, based on the merits of the underlying action, that the award of $150,000 was clearly excessive and that genuine issues of material fact exist because of opposing affidavits presented in the petition for nullity action. The arguments are those raised when a party appeals a judgment. However, Mr. Williams, Jr. did not appeal the default judgment. He attempted to appeal the default judgment by inserting it in his motion for appeal after the trial court granted Mr. Barnes' motion for summary judgment in the case sub judice.
A devolutive appeal may be filed within sixty days of either:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
La. C.C.P. art. 2087. Mr. Williams, Jr.'s petition for nullity was filed almost a year after the confirmation of the default judgment. The record contains no evidence that the judgment was not mailed to Mr. Williams, Jr.; thereby, the period in which to file an appeal commenced and expired.
Mr. Williams, Jr.'s petition for nullity cannot appeal the merits of the underlying action.
Our settled rule is that the plaintiff in a suit to annul must allege and prove good reason or cause for his failure to timely appear and plead any defense he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied on, or of the opportunity timely to present it, by some fraud or ill practice on the part of the other party; a default judgment, otherwise legally valid, cannot be set aside and avoided for the purpose of affording a defendant an opportunity to offer a defense solely because that judgment is erroneous and *902 such action would be in furtherance of justice.
Gulf Acceptance Loan Corp. v. Demas, 205 So.2d 855, 857 (La.App. 4th Cir.1968). A nullity action cannot substitute for an appeal. Goodson v. Sills, 470 So.2d 966, 969 (La.App. 1st Cir.1985); Romero v. Galley, 79 So.2d 625, 627 (La.App. 1st Cir.1955). "[A] defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded in the original suit." Steele v. Ruiz, 202 So.2d 376, 378 (La.App. 4th Cir.1967). Therefore, the only issue presented in the case sub judice is whether Mr. Williams, Jr. was properly served

SUMMARY JUDGMENT
Mr. Williams, Jr. contends that the trial court erred in dismissing his petition for nullity in that he alleges he was not properly served. Mr. Williams, Jr. asserts that the copy of the motion and order to appoint a process server contained in the record is not authentic. Additionally, he avers that the service and citation of the default judgment was defective and/or not proven pursuant to La. C.C.P. art. 1293.
Citation and service are an essential part of most civil actions. La. C.C.P. art. 1201(A). If the sheriff is unable to confect service, an agent for service of process may be appointed. La. C.C.P. art. 1293 provides, in pertinent part:
A. When the sheriff has not made service within five days after receipt of the process or when a return has been made certifying that the sheriff has been unable to make service, on motion of a party the court may appoint any person over the age of majority, not a party and residing within the state, to make service of process in the same manner as is required of sheriffs. Service of process made in this manner must be proved like any other fact in the case.
"Personal service may be made anywhere the officer making the service may lawfully go to reach the person to be served." La. C.C.P. art. 1233.
The trial court appointed Mr. Martino[5] to serve Mr. Williams, Jr. the petition and citation. Although the motion and order were not contained in the record,[6] Mr. Barnes provided a stamped copy to reconstitute the record. Dale Atkins ("Ms. Atkins"), the Orleans Parish Civil Clerk of Court, testified in her deposition that she can accept a copy of a missing document, mark it as a "duplicate original," and place it in the record. She stated that the copy of the motion and order to appoint a process server contained Judge Giarrusso's signature, as well as the stamp from the Orleans Parish Civil District Court's Clerks Office. Therefore, Ms. Atkins stamped the copy of the motion and order to appoint a process server for the petition and placed it in the record. Additionally, Ms. Atkins' records document a return on service showing that Mr. Williams, Jr. was personally served on August 25, 1998.
Prior to attempting service, Mr. Martino identified Mr. Williams, Jr. with a picture and also identified Mr. Williams, Jr.'s automobile at 1704 Chantilly Drive in LaPlace. Mr. Martino testified in his deposition[7] *903 that he handed Mr. Williams, Jr. the papers. He also stated that when Mr. Williams, Jr. tried to close the door, Mr. Williams, Jr. attempted to leave the papers, which got stuck in the door. Mr. Martino testified that Mr. Williams, Jr. then opened the door again and brought the papers inside.
Conversely, Mr. Williams, Jr. contends that he could not have been served because he was attending Southern University Law School. He presented affidavits by himself, his father, step-father, and others similarly associated.
However, the record reflects that the trial court made credibility determinations as to the affidavits. The trial court stated, "[t]he only evidence Williams sets forth in support of this claim are self-serving affidavits from Williams himself, Williams' father, and others personally affiliated with Williams." Credibility determinations are improper in determining whether to grant a motion for summary judgment. The affidavits present a genuine issue of material fact as to the service of Mr. Williams, Jr.
Accordingly, we find that genuine issues of material fact exist as to whether service upon Mr. Williams, Jr. was properly confected.

MOTION FOR NEW TRIAL
Mr. Williams, Jr. asserts that the trial court erred in denying his motion for new trial. The trial court shall grant a new trial "[w]hen the verdict or judgment appears clearly contrary to the law and evidence." La. C.C.P. art. 1972(1).
As we found that genuine issues of material fact exist as to service, the motion for new trial was improperly denied.

DECREE
For the above mentioned reasons, we find that the trial court incorrectly held that no genuine issues of material fact exist as to whether the service upon Mr. Williams, Jr. was proper. Therefore, we reverse and remand.
REVERSED AND REMANDED.
NOTES
[1] Mr. Williams, Jr. asserts that the copy of the motion and order to appoint a process server contained in the record is not authentic. However, Dale Atkins testified in her deposition that she can accept a copy of a missing document, mark it as a "duplicate original," and place it in the record. She stated that the copy of the motion and order to appoint a process server contained Judge Giarrusso's signature, as well as the stamp from the Orleans Parish Civil District Court's Clerks Office. This common practice was used to enter a duplicate original of the motion and order to appoint a process server for service of the petition into the record of the case sub judice.
[2] The motion and order appoints "Edward Martino" as the special process server. However, this is a typographical error, as his name was "Edward Martino."
[3] 1704 Chantilly Drive was the address of Mr. Williams, Jr.'s stepfather's office.
[4] Prior to ruling on Mr. Barnes' motion for summary judgment, the trial court consolidated the original action involving the default judgment and the action that began with Mr. Williams, Jr.'s petition for nullity.
[5] Mr. Williams, Jr. avers that service was not confected because Mr. Martino's name was misspelled. The misspelled name was a harmless, clerical error.
[6] "[A]n attorney who has a filed and stamped copy from the clerk of court's office, should be able to rely on such a document being present in the record for purposes of a hearing at the trial court level." Trahant v. Perez, 02-1414, p. 10 (La.App. 4 Cir. 3/19/03), 843 So.2d 479, 485.
[7] Mr. Martino's testimony was preserved in his deposition because he was seriously ill and undergoing surgery. He passed away as a result.