JAKE JOHN SCHIRO, SR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATES OF DOLORES SCHULTE SCHIRO, JAKE JOHN SCHIRO, JR. AND CYNTHIA ANN SCHIRO
v.
ACADIAN AMBULANCE SERVICE, INC., ABC INS. CO., ET AL.
No. 2009-CA-0606.
Court of Appeals of Louisiana, Fourth Circuit.
November 4, 2009.
Not Designated for Publication
MICHAEL J. MESTAYER, MICHAEL J. MESTAYER, A PLC, and G. GREGORY GREEN, LAW OFFICES OF G. GREGORY GREEN, Counsel for Plaintiff/Appellant.
RICHARD J. PETRE, Jr., ONEBANE LAW FIRM, Counsel for Clarendon National Insurance Company and P. M. DONOVAN, DONOVAN & LAWLER, APLC, Counsel for St. Bernard Parish Government Human Resources Division.
Court composed of Judge JONES, Judge BAGNERIS, Sr., and Judge BELSOME.
DENNIS R. BAGNERIS, Sr., Judge.
The appellant, Jake Schiro, Sr., appeals the judgment of the district court granting summary judgment in favor of Clarendon National Insurance Company. For the reasons that follow, we affirm.
This appeal arises out of a claim for negligence filed in the 34th Judicial District of St. Bernard Parish. Jake John Schiro, Sr., individually and as administrator of the estates of Delores Schulte Schiro, Jake John Schiro, Jr. and Cynthia Ann Schiro, filed suit against St. Bernard Parish Government, St. Bernard Parish Government Human Resources Division, Acadian Ambulance Services, Inc, and all of their insurance providers.
St. Bernard Parish Government Human Resources Division is specifically and independently insured by the appellee, Clarendon National Insurance Company. While the appellant entered into a settlement releasing Acadian Ambulance, the Parish of St. Bernard and the St. Bernard Parish Government, this instant matter still pursues a claim for negligence against the St. Bernard Human Resources Division. Both the appellant and Clarendon filed cross motions for summary judgments. By judgment rendered January 30, 2009, the district court denied summary judgment as to Mr. Schiro and granted summary judgment as to Clarendon. It is from this judgment that Mr. Schiro takes the instant appeal.
In 2004 the St. Bernard Parish Government Human Resources Division published notices in various newspapers for "special needs patients" to register with the parish in the event evacuation was eminent due to a hurricane. The Schiro family claims that they were specifically targeted. In July 2005, Mr. Schiro obtained and provided medical documentation regarding the disabling medical conditions of Delores Schulte Schiro, Jake John Schiro, Sr., Jake John Schiro, Jr. and Cynthia Schiro in an effort to register all four family members. As Hurricane Katrina approached, Mr. Schiro maintains that representatives from St. Bernard Parish Government Human Resource Division assured him that Acadian Ambulance would evacuate the entire family. However, it was later revealed that only Delores Schiro was registered to the emergency evacuation list and that the St. Bernard Parish Government Human Resources Division advised Acadian only of the medical needs to Delores Schiro. Even so, no one in the Schiro family was evacuated and all but Mr. Schiro perished in the flood waters.
On appeal Mr. Schiro argues that the district court committed manifest error in its interpretation of the terms and exclusions of the insurance policy in question in failing to interpret the policy in favor of coverage where policy provisions are ambiguous. He also asserts that the district court committed manifest error in granting summary judgment where issues of material fact remain outstanding.
It is a long standing practice that appellate courts review the granting or denial of summary judgment on appeal de novo; including reviewing pleadings, depositions and other evidence in support of the motion.
Appellate courts review summary judgments using the de novo standard of review. Kimpton Hotel & Rest. Group, Inc. v. Liberty Mut. Fire Ins. Co., 07-1209, p. 3 (La.App. 4 Cir. 12/19/07), 974 So.2d 72, 75. The appellate court must use the same criteria the trial court utilized to determine if summary judgment is appropriate. Gray v. Am. Nat'l Prop. & Cas. Co., 07-1670, p. 6 (La.2/26/08), 977 So.2d 839, 844, quoting Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). However, "if the movant will not bear the burden of proof at trial on the matter that is before the court ... the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2).
The movant must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(C)(2). "Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).
Ballero v. Firstrust Corp. XXXX-XXXX, P. 2-3 (La.App. 4 Cir. 6/11/08) 987 So.2d 353, 354.
Mr. Schiro maintains that his family relied on St. Bernard Parish Human Resources Division to their detriment because the Division offered to make arrangements for them and they timely accepted the offer. Specifically Mr. Schiro argues that the Division was negligent in failing to include his entire family on the special medical needs list; failing to provide his entire family's information to Acadian and failing to order a timely transport of special need patients.
While Clarendon does not argue that Mr. Schiro and some of his family were not on the evacuation emergency list; Clarendon does maintain that the insurance policy in question issued to the St. Bernard Parish Government Human Resource Division was not designed to cover acts of omissions by officers, but rather injuries which occurred "at the premises location to visitors while on the premises".
We must look at the insurance policy issued to St. Bernard Parish Government Human Resource Division and decipher whether there is ambiguity within the contract wherein it is susceptible to different interpretations.
An insurance policy is a conventional obligation that constitutes the law between the insured and the insurer, which governs the nature of their relationship. La. C.C. art.1983. "An insurance policy is a contract, which must be construed employing the general rules of interpretation of contracts." Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, pp. 5-6, 958 So.2d at 638. An insurance policy susceptible to two or more reasonable interpretations is ambiguous, which means the policy must be interpreted in favor of coverage. Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc., 06-1827, p. 6, 958 So.2d at 638. Further, the insurer must prove that the insureds' alleged damages are specifically excluded. Blackburn v. Nat'l Union Fire Ins. Co., 00-2668, p. 6 (La.4/3/01), 784 So.2d 637.
Weintraub v. State Farm Fire and Cas. Co,. XXXX-XXXX, P. 3 (La.App. 4 Cir., 10/29/08) 996 So.2d 1195, 1197.
The pertinent part of the "Commercial General Liability Coverage Part Declarations" of the policy reads:
BUSINESS DESCRIPTION AND LOCATION OF PREMISES
FORM OF BUSINESS: GOVERNEMNT
BUSINESS DESCRIPTION: PROVIDES SUBSIDY FOR LOW INCOME POPULATION
LOCATION OF ALL PREMISES YOU OWN, RENT, OR OCCUPY:
1) 8201 W. JUDGE PEREZ DR, CHALMETTE, LA 70043
Mr. Schiro argues that the policy was written to reflect the nature of the government business in question and its "work" operations which includes the compilation, evaluation and coordination of evacuation services for special needs individuals and that "work" is covered under the "Products-completed operations hazard" section of the policy.
The Appellee asserts that the premises limitation and classification limitation endorsement in the policy specifically limit its liability to damages that arose out of the use of the office located at 821 W. Perez Drive, Chalmette, Louisiana 70043; the address listed on the Declaration page. Further, the appellee provided the deposition of Sharon Hain, the underwriter of the policy in question, who testified that the premium was based on the actual building located at the Perez Drive address and nothing more. We agree.
Our review of the insurance policy reveals no ambiguity in the language of the policy. We agree with the district court's reasoning that "[t]he asserted acts of negligence do not fall within ownership, maintenance or use of the premises and further they are not part of any operation necessary or incidental to the premises. While the omissions complained of may have occurred at the premises, that are the action of an officer or employee which have nothing to do with the actual premised[sic]. These acts are more appropriate for a general liability policy or an error and omissions policy".
The appellee met its burden of proof showing that there is no genuine issue of material fact as to whether its insurance policy issued to the St. Bernard Parish Government Human Resources Division excludes the claims made by the Schiro family.

Decree
For the reasons stated above, we affirm the judgment of the district court granting summary judgment in favor of Claredon National Insurance Company.
AFFIRMED.