TERRI F. LOVE, Judge.
1,Edward A. Alberes (“Mr. Alberes”) and his wife, Anna A. Alberes (collectively “appellants”) sought to recover damages as a result of Mr. Alberes’ contraction of asbestosis and other damaging effects to his health from his exposure to asbestos while working at B.F. Goodrich Corporation (“Goodrich”). Goodrich filed a motion for summary judgment based on the appellants’ failure to demonstrate that Mr. Al-beres’ exposure to asbestos at Goodrich’s facility was a substantial contributing factor to the onset of his asbestosis. The trial court granted Goodrich’s motion for summary judgment. On appellate review, we find that because there is a genuine issue of material fact as to whether Mr. Alberes’ exposure to asbestos at Goodrich was a substantial contributing factor to his development of asbestosis the trial court committed reversible error. Accordingly, we reverse the trial court’s granting of the motion for summary judgment.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In October 2008, the appellants filed suit for damages as a result of Mr. Alberes’ contraction of asbestosis. From approximately 1953 through 2006, Mr. |2AIberes was employed in various positions, including as a pipefitter and insulator, at the work sites of several employers. In the late 1970’s or early 1980’s, Mr. Alberes worked a turnaround job for five days as a pipefitter helper at Goodrich’s facility in Plaquemine, Louisiana. Mr. Alberes testified that he was responsible for installing *797 and removing Garlock[1] gaskets containing asbestos. He further testified that most of the gaskets were old and had been there for quite some time. He testified that when removing the gaskets it often required him to scrape the gasket material with a wire brush or blow the remnants out with an air hose. Mr. Alberes testified that he was aware the Garlock gaskets contained asbestos because when he passed his hand over it he could see the fibers. He stated that the fibers were “kind of brownish white looking, black ... [and] when you move them, they kind of sparkle.”
Additionally, Mr. Alberes testified that when he worked at Goodrich he worked in close proximity to insulators. He noted the insulators were present the entire time he was employed at Goodrich, removing old insulation and installing new insulation. Mr. Alberes testified that not only did he work in the area with insulators, but he was also responsible for cleaning up the insulation at the end of each day. Mr. Alberes stated that there was always a Goodrich supervisor or superintendent overseeing their work, but at no time was he advised to wear or provided respiratory protection.
|sThe appellants also submitted the deposition of Frank Parker, III (“Mr. Parker”), an expert industrial hygienist. Mr. Parker testified that Mr. Alberes’ handling, removing, and installing asbestos-contained gaskets would expose him to concentrations of asbestos above “contemporary occupational limits.” These exposures, Mr. Parker testified, would have been a significant contributing factor in his risk for development of asbestosis. Dr. Judd Shellito (“Dr. Shellito”) also testified that any and all exposures to asbestos would have been a significant contributing factor in Mr. Alberes’ contraction of asbestosis and asbestos-related pleural plaques. Further, Dr. Robert Jones (“Dr. Jones”), Goodrich’s expert, testified that all exposures are cumulative, and all exposures contribute to the ultimate disease.
The appellants filed suit seeking damages allegedly resulting from his exposure to asbestos and asbestos-containing products while Mr. Alberes was employed at various work sites. Specific to this matter, the appellants contend that during Mr. Alberes’ time at Goodrich’s facility, his exposure to asbestos was a significant contributing factor to the onset of his asbestosis.
Goodrich filed a motion for summary judgment asserting that the substantive law requires the appellants to provide evidence of frequent and regular exposure to asbestos fibers at Goodrich and that the exposure was a substantial factor in the development of his asbestos-related injuries. Goodrich contends that the appellants are unable to meet its burden of proving causation. Goodrich points to the fact that Mr. Alberes’ exposure at its Plaquemine facility was only for five days on a | ¿turnaround job and inconsequential in the scope of a life-long career employed as a laborer, pipefitter helper, and crane operator. Mr. Alberes’ exposure at its facility, Goodrich argues, does not meet the threshold substantial contributing factor test, particularly in light of his exposure at other work sites during his career. For those reasons, the trial court granted Goodrich’s motion for summary judgment. The appellants’ timely appeal follows.

STANDARD OF REVIEW

On appellate review this Court reviews summary judgments de novo using *798 the same criteria that governs the trial court’s consideration. Thibodeaux v. Asbestos Corp., 07-0617, p. 4 (La.App. 4 Cir. 2/20/08), 976 So.2d 859, 862. Therefore, “a motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” Id. See La. C.C.P. art. 966(B). It is well-settled law that “[s]ummary judgments are favored and factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponents favor.” Id. See also Willis v. Medders, 00-2507, p. 2 (La.12/08/00), 775 So.2d 1049, 1050. Further, this Court has previously stated:
The trial court cannot make credibility determinations on a motion for summary judgment. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 16 (La.02/29/00), 755 So.2d 226, 286. It is not the function of the district court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Additionally, the weighing of conflicting evidence has no- place in summary judgment procedure. See also Knowles v. McCright’s Pharmacy, Inc., 34,559, p. 3 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, 103.
Thibodeaux, 07-0617, p. 4, 976 So.2d at 862.
Moreover, in Lucas v. Hopeman Bros., Inc., 10-1037, p. 6-7 (La.App. 4 Cir. 2/16/11), 60 So.3d 690, 696, this Court noted:
A fact is material if it is essential to the plaintiff’s cause of action under the applicable theory of recovery and, without the establishment of the fact by a preponderance of the evidence, the plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.
(citing Danos v. Avondale Indus., Inc., 07-1094, p. 3 (La.App. 4 Cir. 7/2/08), 989 So.2d 160, 162). Therefore, in order to determine whether the trial court committed reversible error, we must first determine whether a genuine issue of material fact remains as to Goodrich’s liability.

MOTION FOR SUMMARY JUDGEMENT

In this case, the appellants aver the trial court erred by granting Goodrich’s motion for summary judgment. The appellants contend that they have offered evidence proving that a genuine issue of material fact exists as to whether Mr. Alberes’ exposure to asbestos while working at Goodrich’s facility was a significant contributing factor to the onset of his asbestosis, and that such evidence should be evaluated by the trier of fact.
This Court acknowledges that “[i]t is scientifically proven and legislatively recognized, that a causal relationship exists between asbestos exposure and the occurrence of asbestosis.” Lucas, 10-1037, p. 8, 60 So.3d at 696. See also Rando v. Anco Insulations, Inc., 08-1163, p. 15-16 (La.5/22/09), 16 So.3d 1065, 1080.
In Quick v. Murphy Oil Co., this Court concluded:
IfiWhen evaluating liability in an asbestos claim, we apply traditional theories of tort liability (for example negligence and products liability) which require proof of causation. See Cole v. Celotex Corp., 599 So.2d 1058 (La.1992); Halphen v. Johns-Manville Sales Corp., 484 So.2d 110 (La.1986); Thompson v. Johns-Manville Sales Corp., 714 F.2d 581 (5th Cir.1983), cert. den., 465 U.S. 1102, 104 *799 S.Ct. 1598, 80 L.Ed.2d 129 (1984). Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which “proceeds from the assumption that more than one defendant substantially contributed to the plaintiffs injury.” 210 E. 86th Street Corp. v. Combustion Engineering, Inc., 821 F.Supp. 125, 150 (S.D.N.Y.1993).
93-2267, p. 8, (La.App. 4 Cir. 9/20/94), 643 So.2d 1291, 1294. Further, in asbestos cáses, “the claimant must show that he had significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury.” In re Asbestos v. Bordelon, Inc., 96-0525, p. 30 (La.App. 4 Cir. 10/21/08), 726 So.2d 926, 948.
Here, Mr. Alberes’ exposure to asbestos at Goodrich’s Plaquemine facility must be a substantial contributing factor to the development of his asbestosis in order for appellants to prevail. A finding that Mr. Alberes’ exposure at Goodrich is a contributing factor alone is insufficient to find Goodrich liable.
Goodrich contends that Mr. Alberes’ exposure cannot be deemed “substantial” because his exposure occurred during a five-day turnaround within the scope of a lifelong career as a laborer, pipefitter helper, and crane operator. To further support its argument, Goodrich makes great efforts to calculate what percentage of Mr. Alberes’ career was spent at its facility. Goodrich also avers that Mr. Parker’s testimony that any exposure is cumulative and therefore, significant, renders the substantial contributing factor test meaningless. Consequently, Goodrich argues that “the law allows for defendants with relatively minimal exposures in these cases to be dismissed,” and for that reason, the trial court did |7not err in granting its motion for summary judgment. Goodrich, however, does not point to any case law to support the above contention.
The Louisiana Supreme Court previously addressed this issue and made clear that “simply because a plaintiff suffered asbestos exposure while working only a short period of time for an employer and he had longer exposure working for others, it cannot be said the relatively short asbestos exposure was not a substantial factor” in the contraction of his disease. Rando v. Anco Insulations, 08-1163, p. 35 (La.5/22/09), 16 So.3d 1065, 1091. Additionally, this Court in Hoerner v. Anco Insulations, Inc., et. al, 00-2333, p. 23 (La.App. 4 Cir. 1/23/02), 812 So.2d 45, 64, rejected the same argument Goodrich offers. The defendant in Hoemer alleged that Mr. Hoerner’s exposure to asbestos was not long enough to meet the substantial factor test. This Court stated:
... [W]e reject the assumption implicit in the Schubers’ argument that exposure to asbestos-containing products during an employee’s tenure with a given company cannot as a matter of law be considered a “substantial factor” in an employee’s contraction of asbestos-related disease if that employment is only for a very short period of time. The “frequent and regular” requirement refers to the quality of the exposure during the employment period, not to the length of that period.
Id. (emphasis added).
The trial court granted summary judgment merely because the length of Mr. Alberes’ employment period and the opportunity for exposure was minimal when compared to possible longer periods of exposure throughout his career working for others. Given that the substantial contributing factor test in asbestos-related cases focuses on the quality of exposure versus the duration of exposure, granting sum *800 mary judgment on these grounds was in error.
|8We find the appellants have presented evidence that raises a genuine issue of material fact as to whether Mr. Alberes’ exposure to asbestos at the Goodrich facility was a substantial contributing factor to his contraction of asbestosis.
Mr. Alberes testified that he was aware he was working with asbestos-containing products. He noted that while removing and replacing old gaskets the asbestos fibers were released from the surface of the gaskets and he could see the fibers in the air. He also testified that no one at Goodrich ever advised him to wear or provided him with respiratory protection. Additionally, Mr. Parker, an expert industrial hygienist, opined that Mr. Alberes’ handling, removing, and applying asbestos gaskets would have exposed him to concentrations of asbestos above background; and therefore, the exposures would have been a significant contributing factor in his risk for the development of asbestosis. Dr. Shellito testified that asbestosis and asbestos-related pleural plaques are injuries and lung diseases that are caused by inhalation of asbestos fibers, noting that such exposure is additive. Similarly, Dr. Jones agreed that asbestos is a cumulative disease wherein all exposure contributes to and constitutes a cause of asbestosis.
Goodrich did not submit any evidence to rebut appellants’ claim but to offer Mr. Alberes’ deposition, and to note the length of Mr. Alberes’ employment at Goodrich. Moreover, Goodrich has not offered any evidence that demonstrates that the quality of Mr. Alberes’ exposure was not a substantial contributing factor to the onset of his contraction of asbestosis.
The standard applied for granting a motion for summary judgment is whether a genuine issue of material fact exists; and, any doubt must be decided in favor of the non-moving party. La. C.C.P. art. 966. In this case, whether Goodrich’s breach of duty was a substantial factor in bringing about Mr. Alberes’ |9injuries is a question of fact. Based on the depositions and other documentary evidence in the record, the question of whether Mr. Alberes’ exposure to asbestos-containing products at Goodrich was a substantial contributing factor to his contraction of asbestosis is one which reasonable minds may disagree. Therefore, we find the trial court erred by granting Goodrich’s motion for summary judgment.

DECREE

Accordingly, we reverse the trial court’s ruling and remand the matter for further proceedings in accord with this opinion.
REVERSED AND REMANDED

. "Garlock” gaskets refer to the specific gasket manufacturer Mr. Alberes recalled working with while employed at Goodrich.