696 So.2d 268 (1997)
Alfred BELL, Jr.
v.
UNIROYAL, INC., et al.
No. 96-CA-2838.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1997.
Louis H. Schultz, Metairie, for Plaintiff-Appellant Alfred Bell, Jr.
Turner, Young, Hebbler & Babin, Greg C. Fuxan, New Orleans, for Intervenor/Appellant Royal Insurance Company of America.
John J. Weigel, Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Defendant-Appellee Uniroyal Goodrich Tire Company.
Before BARRY, KLEES and JONES, JJ.
KLEES, Judge.
Plaintiff Alfred Bell, Jr. and intervenor/appellant Royal Insurance Company of America appeal the summary judgment granted by the district court in favor of the defendant Uniroyal Goodrich Tire Company. Upon our review of the record, we affirm.
Alfred Bell had been employed at Western Auto for one month when he was given the task of mounting a Uniroyal tire upon a truck wheel rim. On the side of the tire was a warning, which read:

*269 Mounting a 16" tire on a 16.5" rim can cause severe injury or death. Never mount a 16" size diameter tire on a 16.5" rim. While it is possible to pass a 16" diameter tire over the lip or flange of a 16.5" diameter rim, it cannot position itself against the rim flange. If an attempt is made to seat the bead by inflating the tire, the tire bead will break with explosive force.
Above this warning was printed a simple drawing, which shows a stick figure being propelled away from a exploding tire, and the word "Danger" in boldface type. A second, smaller warning was also attached inside the tire. Alfred Bell could not read these warnings because at trial it was shown that he is functionally illiterate; he cannot successfully interpret either words or numerical values very well; furthermore, his testimony indicates that he did not understand that 16" and 16.5" were different measurements. He attempted to put the Uniroyal 16" tire on the 16.5" rim and inflate it, at which point the tire and rim exploded, severely injuring him.
Bell brought suit against Uniroyal, among others, in district court; his claims against his employer and the rim manufacturer were settled. Uniroyal moved for summary judgment in its favor, relying largely upon the deposition of plaintiff's own expert, a tire engineer named Loren Forney.
Forney's deposition is 176 pages long, and is often repetitious and unclear. However, he did state that he had no criticisms of the manufacture or design of the bead of the tire in question. Forney also testified that he could have no way of knowing if the bead within the tire had a manufacturing defect on the basis of the examination he had done at that time; in order to determine that, he would have had to cut into the bead itself, a test he had neither performed nor requested permission to perform. Uniroyal emphasized these statements in its motion for summary judgment.
Two days before the motion was to be heard, Bell filed an opposition into the record; attached to this opposition was a twosentence affidavit from Forney, stating "that he is of the opinion that the bead of the particular Uniroyal tire involved in the above case was broken in the mold during the manufacturing process." This appears to contradict Forney's testimony at the deposition.
The trial court granted summary judgment in favor of Uniroyal, finding that Forney's later affidavit was unpersuasive in view of his earlier, contradictory testimony in his deposition. From this judgment, Bell appeals.
Although Bell does not brief any specific assignments of error, he urges us to consider not the excerpts of Forney's testimony presented by Uniroyal in its motion for summary judgment, but Forney's deposition testimony in its entirety. Bell argues that the affidavit is not at all contradictory with the full substance of Forney's testimony, and asserts that opposing counsel has manipulated Forney's words to misrepresent his actual conclusions.
After a thorough reading of Forney's deposition as set forth in our record, it appears that his testimony has not been misrepresented in any way. Forney testified that he did not know of any manufacturing or design deficiencies in the tire. Bell attempts to align Forney's eleventh-hour affidavit with his deposition testimony by pointing out that Forney does testify at length about testing various bead strengths in tires. However, he did not test the Uniroyal tire in question. In the later affidavit, he did not suggest that he had performed the necessary tests (as described in his deposition) to discover such defects. Bell did not produce any evidence that Forney had conducted those tests, either at the original hearing on the motion for summary judgment or in the present proceedings. Since Forney had previously testified that he could not reach any conclusions about manufacturing defects without those tests, the trial court was correct to disregard the later, untested statement as contradictory.
Bell's petition had alleged that the tire in question was negligently designed, manufactured, tested and inspected; however, Bell's own expert testified to only one potential defect in the tirethe inadequacy in the second warning, which he termed only an instruction.
*270 Even Forney's one reservation about the second warning is rendered moot by his testimony that, in his opinion, the first warning should be sufficient to warn of just this kind of accident. The adequacy of a particular warning is a question for the trier of fact, and should usually not be determined at summary judgment. See Stapleton v. Kawasaki Heavy Industries, Ltd., 608 F.2d 571, 573 (5th Cir.1979.) However, in this case, both defendant and plaintiff's own expert testified as to the adequacy of the warning; the trial court had before it no evidence that the warning might be inadequate. The lower court did not err in refusing to send this case to trial on that issue alone.[1]
The defendant calls our attention to Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1 Cir.1983). In that case, a plaintiff was injured while inflating a tire on a defectively designed rim. The First Circuit affirmed summary judgment in favor of the tire manufacturer, pointing out that the plaintiff's injuries were the result not of inadequacies in the tire, but of the unsafe tire rim.
Similarly, all evidence in the present case, even Forney's testimony, points to the unsafe attempt to inflate the 16" tire on the 16.5" rim as the cause of Bell's accident. Forney was unable to point to any deficiencies in the manufacture or design of the tire, suggesting that it would have been entirely safe and serviceable if placed on the proper size rim.
Finally, Bell raises a procedural point; the trial court rendered summary judgment only eight days before trial was to begin. This is in violation of La. C.C.P. art. 966(D), which calls for summary judgments to be rendered at least ten days before the trial date, so as not to burden parties with unnecessary trial preparation.
Uniroyal urges us to consider this rule merely an "advisory," something this court declines to do. However, we also find no evidence that Bell's case was in any way prejudiced by the two day delay. In fact, it appears from the record that the reason for the delay was Bell's own last-minute submission of Forney's affidavit. He cannot now ask us to overturn the lower court's judgment because it was forty-eight hours late due to his own untimely introduction of new evidence.
Accordingly, for the reasons stated above, the summary judgment dismissing Bell's cause of action is affirmed.
AFFIRMED.
NOTES
[1] Some caselaw suggests that when, as here, a plaintiff did not read the provided warning, any inadequacy in the warning cannot be held to be the legal cause of an accident. See Bloxom v. Bloxom, 512 So.2d 839 (La.1987).