796 So.2d 926 (2001)
STRONG'S PLUMBING, INC., Plaintiff-Appellant,
v.
LEON ANGEL CONSTRUCTORS, INC., Defendant-Appellee.
No. 35,105-CA.
Court of Appeal of Louisiana, Second Circuit.
October 12, 2001.
*927 Mayer, Smith & Roberts, by Steven Soileau, Shreveport, Counsel for Appellant.
Simon, Fitzgerald, Cook, Reed, & Welch, by Kevin Molloy, Shreveport, Counsel for Appellee.
Before BROWN, CARAWAY and KOSTELKA, JJ.
BROWN, J.
Strong's Plumbing, Inc. ("Strong's" or "plaintiff") originally obtained a $7,819.83 judgment in solido against All Seasons Roofing and Metal, Inc. ("All Seasons"), and Leon Angel Constructors, Inc.("LAC" or defendant). After this court vacated that part of plaintiff's judgment against LAC for failure to effect citation and service, plaintiff filed this action against LAC.[1] In this suit, plaintiff alleged that it did subcontracting work for All Seasons and received a judgment against All Seasons. Further, they alleged that because LAC is a successor corporation of All Seasons, *928 the two entities should be considered a "single business enterprise" under Louisiana law, and as such, LAC is liable "to the full extent" as All Seasons.
On June 13, 2000, All Seasons acquired a $16,992.44 unsatisfied judgment against plaintiff from a third party, Apex Supply Company of Louisiana, Inc.[2] The trial court allowed LAC to amend its answer alleging the affirmative defense of compensation under La.C.C. Art. 1893, et seq. Trial was set for November 30, 2000. LAC moved for summary judgment. A contradictory hearing was held on October 25, 2000. On November 27, 2000, three days prior to the scheduled trial, the court granted LAC's motion for summary judgment. A written judgment was not signed until March 26, 2001. Plaintiff has appealed therefrom. Finding no error, however, we affirm.

Discussion

Timeliness of the Court's Ruling
La.C.C.P. art. 966(D) provides as follows:
The Court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial. (Emphasis added).
At least one court has distinguished between an opinion on a summary judgment motion and a written judgment. In Johnson v. Canale, 00-891 (La.App. 5th Cir.10/19/00), 769 So.2d 833, even though the court had orally granted the summary judgment three weeks prior to the trial date, a written judgment was not signed until one day before the trial date. The appellate court concluded that the time of the written judgment controlled and that the mandatory time requirements of Article 966 were not met. The Fifth Circuit, however, recognized that time requirements of Article 966 could be waived if the opposing party acquiesced to the time violations.
In this instance, both parties acquiesced to the time violations regarding the trial court's rendition of a written judgment. Obviously, both considered the expression of the court's opinion to be the court's judgment. We also note that when the written judgment was signed that there was no trial date pending as the November 30th trial date had already passed. See Sawicki v. K/S Stavanger Prince, 99-1459 (La.App. 4th Cir.12/27/00), 778 So.2d 620, writ granted, 01-0528 (La.06/01/01), 793 So.2d 171. However, even considering the ruling to be a judgment, it was also untimely, having been rendered only three days prior to trial.
In Bell v. Uniroyal, Inc., 96-2838 (La. App. 4th Cir.06/11/97), 696 So.2d 268, the trial court rendered summary judgment eight days before the trial date. The Fourth Circuit held that there was no evidence that the opponent's case was prejudiced by the delay and, because it appeared that the reason for the delay was the opponent's own last-minute submission of an affidavit, the violation of Art. 966 was not grounds to reverse the summary judgment.
In contrast, in Mitchell v. St. Paul Fire & Marine Ins. Co., 98-1924 (La.App. 4th Cir.01/27/99), 727 So.2d 1245, the court of appeal reversed a summary judgment which the trial court had granted one day before trial. The court in Lassere v. State, 00-0306 (La.App. 1st Cir.03/28/01), ___ So.2d ___, 2001 WL 293698, also found *929 that Article 966's time requirements were mandatory.
We find that the facts of the instant case are significantly distinguishable from the facts in Mitchell, supra, Johnson, supra, and Lassere, supra. In this case, LAC moved for summary judgment on September 25, 2000, more than two months before the trial. A hearing was held on October 25, 2000, more than one month prior to trial. For no reason attributable to either party, the court's decision on the motion was not rendered until November 27, 2000, three days prior to trial.
The requirement of La.C.C.P. article 966 that a judgment on the motion be rendered at least ten days prior to the scheduled trial date prevents the parties from being burdened with unnecessary trial preparation. Lassere, supra; Bell, supra. The instant case is primarily a paper case, and the evidence on the issue presented to the court in the motion for summary judgment would largely be duplicated at trial. We conclude, therefore, that plaintiff was not prejudiced by the court's ruling on the motion for summary judgment just three days prior to trial. We turn now to the merits of the motion.

Summary Judgment
Appellate review of summary judgments is de novo utilizing the same criteria that guide the trial court. Guillory v. Interstate Gas Station, 94-1767 (La.03/30/95), 653 So.2d 1152; Steed v. St. Paul's United Methodist Church, 31,521, 35,522 (La.App.2d Cir.02/24/99), 728 So.2d 931, writ denied, 99-0877 (La.05/07/99), 740 So.2d 1290.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action except those disallowed by law. La.C.C.P. art. 966(A)(2); Robinson v. Brookshires #26, 33,713 (La.App.2d Cir.08/25/00), 769 So.2d 639; Norton v. Claiborne Electric Co-op, Inc., 31,886 (La.App.2d Cir.05/05/99), 732 So.2d 1256, writs denied, 99-1737, 99-1823 (La.10/01/99), 748 So.2d 443, 454; Lee v. Wall, 31,468 (La.App.2d Cir.01/20/99), 726 So.2d 1044. The judgment sought shall be rendered only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Robinson, supra; Norton, supra.
Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La.12/08/00), 775 So.2d 1049; Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226.
In support of its motion for summary judgment, LAC submitted the affidavit of Virginia Estes, All Seasons' bookkeeper, in which she stated that the monies provided by Leon Angel to All Seasons for the purchase of the Apex Supply judgment were considered a capital investment and the affidavit of the manager of Apex Supply stating that the Apex Supply judgment was transferred to All Seasons.
To rebut those affidavits, plaintiff included copies of interrogatories and pages of a deposition of Leon Angel. These were submitted to show that Leon Angel gave responses to questions regarding the purchase of the judgment that conflicted with the affidavits submitted in support of the motion for summary judgment. LAC raised an objection to the introduction of these documents in a summary proceeding, which was not ruled on by the lower court.
*930 Plaintiff alleges that Leon Angel swore in a judgment debtor's examination that All Seasons had no assets and was no longer in business. The affidavit of Ms. Estes, however, acknowledges that All Seasons had no bank account and lacked the assets to purchase the Apex judgment, save the capital contribution of Leon Angel. Hence, this is not an issue.
Plaintiff's documents also cast some doubt on the date and amount of the purchase of the judgment from Apex. Although it is apparent that Leon Angel paid $4,000 for the judgment, plaintiff's contention is, as a result of the alleged inconsistencies in his statements and notwithstanding the written assignment to All Seasons, the assignment should be deemed to be to Leon Angel individually. While these inconsistencies may exist, they do not contravene the express terms of the assignment of the Apex judgment to All Seasons and Ms. Estes' affidavit.[3]
La.C.C. art. 1893 states in part:
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind and these sums or quantities are liquidated and presently due.
In such a case, compensation extinguishes both obligations to the extent of the lesser amount.
La.C.C. art. 1894 states:
Compensation takes place regardless of the sources of the obligations.
Compensation does not take place, however, if one of the obligations is to return a thing of which the owner has been unjustly dispossessed, or is to return a thing given in deposit or loan for use, or if the object of one of the obligations is exempt from seizure.
The obligation that Strong's holds against All Seasons is a judgment for $7,819.83. The obligation that All Seasons holds against Strong's is a judgment for $16,992.44. Strong's assertion that compensation does not apply in this instance because the original suit against All Seasons was based on breach of contract is without merit. The judgments are for sums of money and are immediately due. Thus, the judgment that Strong's holds against All Seasons is extinguished through compensation. Because All Seasons owes no debt, neither does its successor, LAC.

Conclusion
For the above reasons, the summary judgment rendered by the lower court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] In Strong's Plumbing, Inc. v. All Seasons Roofing & Sheet Metal, Inc. 32,783 (La.App.2d Cir.03/01/00), 754 So.2d 336, this court was presented with a judgment in the amount of $7,819.83 against All Seasons Roofing & Sheet Metal, Inc., and Leon Angel Constructors, Inc., in solido. The suit had originally been filed against All Seasons. During trial, an oral motion to amend the petition and add LAC as a defendant was granted. This court stated that the lower court intended to recognize that the two companies were essentially the same; however, since the judgment cast two separate corporations liable in solido rather than recognizing them as successor corporations, the judgment against LAC was void for lack of proper service.
[2] The judgment was actually paid for by the owner of All Seasons, Leon Angel. The funds provided by Leon Angel for the purchase of the Apex Supply judgment were considered a capital investment by Leon Angel to All Seasons.
[3] Defendant contends that the depositions and interrogatories submitted are not certified or authenticated and may not be considered. La.C.C.P. art. 966 requires that the judgment sought shall be rendered only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). An unsworn and unverified document is not of sufficient evidentiary quality as to be given weight in determining whether or not there is a genuine issue of material fact. Parker v. Sears, Roebuck & Co., 418 So.2d 1361 (La.App. 2d Cir. 1982); Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4th Cir.1975).

Plaintiff attached a copy of the certification page to its rebuttal brief to authenticate the deposition extracts. Because we conclude, however, that the documents in question do not generate a material issue of fact, we make no ruling on the admissibility of this evidence.