CHARLES R. JONES, Judge.
 

 hThe named appellants, NATCO, David Cooper, and Travelers Casualty & Surety Company of America (the appellants), seek review of a district court judgment which granted the Environmental Operators, L.L.C.’s (E.O.) motion for summary judgment. We reverse and remand.
 

 The instant matter arises out of a subcontract agreement (“the waste agreement”) between E.O. and NATCO, whereby E.O. agreed to accept creosote timber debris which NATCO, disposed for the Plaquemines Parish Government (the Parish). The contract between the NATCO and the Parish was for the negotiated amount of $697,203.00. In turn, NATCO disposed of the debris for the Parish for “Hurricane Katrina Removal of Stockpiled Creosote Timber Piling.” The waste agreement was completed without any problems.
 

 However, once the creosote disposal was completed, NATCO, through its project manager, Mr. Brian Torrans, requested an invoice from E.O. for the debris accepted at its landfill.
 

 On May 1, 2007, E.O. submitted an invoice to NATCO which reflected a lump sum price of $375,000.00, rather than submitting an invoice reflecting the price per cubic yard of creosote debris deposited in E.O.’s landfill. NATCO ^objected and asserted that the terms of the waste agreement were based on a cubic yard rate, rather than a lump sum rate. At that time, the Parish had not yet paid NATCO the $697,203.00, which represented the full balance of the contract.
 

 Essentially, the dispute between NAT-CO and E.O. concerns whether the waste agreement was based on a lump sum price/ flat fee or a per cubic yard rate. NATCO
 
 *1234
 
 insists that the waste agreement was based on a per cubic yard rate of $25.00 per cubic yard. E.O. asserts that the waste agreement is based upon a lump sum price, regardless of the total cubic yards deposited into the landfill.
 

 Because of the objection over payment, E.O. eventually filed a lien in the Parish’s public records to preserve any rights it may have under the Louisiana Public Works Act. As a result of E.O.’s lien, and the aforementioned dispute between NAT-CO and E.O., the Parish issued a joint check on June 11, 2007, in the amount of $375,000.00 made payable to NATCO and E.O. NATCO returned the joint check to the Parish.
 

 On July 18, 2007, E.O. filed a petition for amounts due and to enforce, recognize, and maintain a lien and privilege. Named as defendants in the lawsuit were the appellants, NATCO, David Cooper, Travelers and the Parish. Through its petition, E.O. sought to recover sums allegedly due from the subcontract, interest, late fees, attorney’s fees, and to recognize and maintain the properly filed lien.
 

 On September 5, 2007, the appellants filed an answer to the petition. Subsequently, the Parish filed its answer on November 26, 2007. Three months later, the Parish filed a petition for coneursus to deposit sums remaining on the public contract related to this matter into the registry of the court. On March 10, 2008, the district court gave the Parish leave to deposit the funds into the registry of court.
 

 LOn May 6, 2008, E.O. filed its motion for summary judgment. The appellants filed an opposition on May 27, 2008.
 

 On June 3, 2008, the hearing on the motion for summary judgment occurred. Although the matter was scheduled for trial on June 24, 2008, the district court issued a judgment on June 23, 2008, which granted E.O.’s motion for summary judgment.
 

 The appellants filed their motion and order for suspensive appeal.
 

 On July 17, 2008, the appellants filed a
 
 Motion and Incorporated memorandum to Release Undisputed Funds Without Affecting Defendant’s Rigid to Appeal.
 
 E.O. filed its opposition on July 30, 2008.
 

 The hearing on the
 
 Motion and Incorporated memorandum to Release Undisputed Funds Without Affecting Defendant’s Right to Appeal
 
 was on August 5, 2008. On August 13, 2008, the district court issued an order granting in part, the appellants’ motion to release undisputed funds. However, while the distinct court granted the release of funds, it refused to rule on whether the request of the appellants to release the undisputed funds would affect or preclude the appellants from appealing the June 23rd order which granted E.O.’s motion for summary judgment.
 

 On August 13, 2008, the appellants filed a motion to prohibit the release of funds pending the outcome of the supervisory writ filed on the issue of whether or not a release of funds would preclude these parties from appealing the June 23 order. However, the district court denied this motion on the same date.
 

 The appellants filed a supervisory writ application with this Court on August 21, 2008, which was denied on that same day. This timely appeal follows.
 

 l4In its sole assignment of error, the appellants argue that the district court erred in granting E.O.’s motion for summary judgment.
 

 DISCUSSION
 

 In
 
 Danos v. Avondale Industries, Inc.,
 
 2007-1094, pp. 2-3 (La.App. 4 Cir. 7/2/08), 989 So.2d 160, 162, we reiterated the stan
 
 *1235
 
 dard of review for summary judgments as follows:
 

 Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Independent Fire Ins. Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230;
 
 Grant v. American Sugar Refining, Inc.,
 
 06-1180, p. 3 (La.App. 4 Cir. 1/31/07), 952 So.2d 746, 748. Summary judgments shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, scrutinized equally, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proe. art. 966(B). However, as noted by the Supreme Court in
 
 Sunbeam, supra,
 
 the trial court cannot make credibility determinations on a motion for summary judgment.
 
 Sunbeam,
 
 99-2181, 99-2257, p. 16, 755 So.2d at 236.
 

 A fact is material if it is essential to plaintiffs cause of action under the applicable theory of recovery and, without the establishment of the fact by a preponderance of the evidence, plaintiff could not prevail.
 
 Grant,
 
 06-1180, p. 4, 952 So.2d at 748-49. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.
 
 Grunt,
 
 06-1180, p. 4, 952 So.2d at 749. Thus, to determine if the trial court erred in granting Foster Wheeler’s motion for summary judgment, we must determine whether any genuine issues of material fact exist.
 

 In the instant matter, the appellants assert that the district court failed to issue its ruling on the summary judgment for three reasons. However, before we Ldiscuss the merits of the instant appeal, we must point out a substantial legal error, which requires immediate discussion.
 

 The appellants argue that the district court’s June 23, 2007 order granting summary judgment to E.O. violated article 966(D) of the Louisiana Code of Civil Procedure, because the court rendered that judgment on the day before the scheduled trial. Specifically, they assert that civil procedure article 966(D) requires that “the court shall hear and render judgment on a motion for summary judgment within a reasonable time but in any event the judgment shall be rendered at least 10 days prior to trial.”
 

 However, before we advance further with a discussion of the procedural error raised in this case, we take note that this Circuit and other circuits have also come to different conclusions, depending on the factual circumstances regarding the application of La.C.C.P. art 966(D).
 

 For example, in
 
 Bell v. Uniroyal, Inc.,
 
 96-2838, (La.App. 4 Cir. 6/11/97), 696 So.2d 268, 270, the ten day rule was
 
 not enforced
 
 when a worker who had been injured while mounting a tire on a larger wheel rim brought a products liability action against the tire’s manufacturer and others. The district court granted summary judgment in favor of the tire manufacturer and the worker appealed. On appeal, we reversed the district court and held: (1) that the worker failed to create genuine issues of material fact that would preclude summary judgment,
 
 Id.,
 
 at p. 269; and (2) the fact that summary judgment had been entered only eight days before trial date did not require a reversal,
 
 Id.
 
 at 270. Specifically, we opined:
 

 ... Bell raises a procedural point; the trial court rendered summary judgment only eight days before trial was to begin. This is in violation of La. C.C.P. art. 966(D), which calls for summary judg
 
 *1236
 
 ments to be | ^rendered at least ten days before the trial date, so as not to burden parties with unnecessary trial preparation.
 

 However, we also find no evidence that Bell’s case was in any way prejudiced by the two day delay. In fact, it appears from the record that the reason for the delay was Bell’s own last-minute submission of Forney’s affidavit. He cannot now ask us to overturn the lower court’s judgment because it was forty-eight hours late due to his own untimely introduction of new evidence.
 

 In
 
 Strong’s Plumbing, Inc. v. Leon Angel Constructors. Inc.,
 
 35,105 (La.App. 2 Cir. 10/21/01), 796 So.2d 926, the ten day
 
 rule was enforced
 
 when a plumbing company brought an action against a contractor to collect a judgment owed by a roofing company, to which the contractor was a successor in interest. The city court granted the contractor’s motion for summary judgment. The plumbing company appealed. On appeal, the Second Circuit held,
 
 inter alia,
 
 that the plumbing company was not prejudiced by the grant of summary judgment only three days prior to trial, noting:
 

 The requirement of La.C.C.P. article 966 that a judgment on the motion be rendered at least ten days prior to the scheduled trial date prevents the parties from being burdened with unnecessary trial preparation.
 
 Lassere [v. State,
 
 00-0306 (La.App. 1st Cir.03/28/01), 808 So. 2d 513],
 
 supra; Bell, supra.
 
 The instant case is primarily a paper case, and the evidence on the issue presented to the court in the motion for summary judgment would largely be duplicated at trial. We conclude, therefore, that plaintiff was not prejudiced by the court’s ruling on the motion for summary judgment just three days prior to trial. We turn now to the merits of the motion.
 

 Id.,
 
 pp. 3-4, 969 So.2d at 929.
 

 Additionally, in
 
 Mitchell v. St. Paul Marine,
 
 1998-1924 (La.App. 4 Cir. 1/27/99), 727 So.2d 1245, a claimant appealed from an order of the Office of Workers’ Compensation, granting the employer’s summary judgment motion. This Court reversed the district court and held that granting the motion for |7summary judgment one day before trial was in violation of La.C.C.P. art 966(D), which provides that judgment on motion shall be rendered at least ten days prior to trial, constituted reversible error.
 
 Id.,
 
 pp. 4-5, 727 So.2d at 1247.
 

 Lastly, in
 
 Johnson v. Canale,
 
 00-891 (La.App. 5 Cir. 10/18/00), 769 So.2d 833, several real estate purchasers brought an action for misrepresentation against a vendor and the vendor’s insurer. The district court granted summary judgment in favor of the insurer on its duty to defend and other indemnification issues. After the vendor and purchaser reached settlement, the vendor appealed the district court’s grant of summary judgment to the insurer. On appeal, the Fifth Circuit held that the trial court’s failure to render judgment on summary judgment motion until one day before trial warranted reversal.
 
 Id.,
 
 727 So.2d at 837.
 

 In the instant matter, the appellants assert that failure to abide by the time requirements of the article is reversible error, relying upon
 
 City of Baton Rouge v. American Home Assurance Company,
 
 2007-1755 (La.App. 1 Cir. 5/2/08), 991 So.2d 48. In
 
 City of Baton Rouge,
 
 a subcontractor filed a petition in intervention in a breach of contract action brought by the city against the general contractor in connection with an airport renovation project. In the petition for intervention, the subcontractor alleged that the general con
 
 *1237
 
 tractor had not paid in full an amount due on its contract for the manufacture and delivery of the jetways. However, the general contractor filed a motion for summary judgment. The district court granted the general contractor’s motion on the same day that trial in the matter was scheduled to begin. The subcontractor appealed.
 

 On appeal, the First Circuit reversed the district court’s granting of summary judgment, holding that “[t]he mandate of Article 966(D) is clear and unequivocal: ‘in any event judgment on the motion shall be rendered at least ten days prior to IgtriaL’ ”
 
 Id.
 
 at p. 54. Furthermore, “[a] motion for summary judgment must be secured in accordance with the procedural law in order to have the summary judgment upheld on appeal.”
 
 Id.
 
 at p. 52,
 
 citing Lassere v. State, Dep’t of Health & Hosp., Office of Pub. Health,
 
 2000-0306, p. 4 (La.App. 1 Cir. 3/28/01), 808 So.2d 513, 516.
 
 [1]
 
 The court also held that “although the court may hear and render judgment on the motion for summary judgment within a reasonable time, judgment on the motion must be rendered at least ten days prior to trial.”
 
 Id.
 
 at p. 51,
 
 See also
 
 La.C.C.P. art. 966(D).
 

 “A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial.”
 
 Lam ex rel. Lam v. State Farm Mut. Auto. Ins. Co.,
 
 2003-0180, p. 4 (La.App. 4 Cir. 4/1/05) 901 So.2d 559, 564,
 
 citing Lasha v. Olin Corp.,
 
 625 So.2d 1002, 1006 (La.1993). “Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights.”
 
 Id.
 

 Our review of the record indicates that on June 3, 2008, the hearing on the summary judgment occurred. Although the matter was scheduled for trial on June 24, 2008, the district court issued a judgment on the motion dated June 23, 2008, which granted E.O.’s motion for summary judgment. The issuance of the judgment granting E.O.’s motion for summary judgment supports the appellants’ argument that the district court erred when it granted the appellee’s motion for summary judgment less than ten (10) days prior to trial. The constraint imposed by La.Code Civ. Proc. art. 966(D) is mandatory, rather than permissive. For this legal error alone, the district court judgment granting the motion for summary | ¡judgment is vacated, and the matter remanded to the district court for reconsideration.
 

 Because of our determination that the district court erred in granting E.O.’s motion for summary judgment less than ten days prior to trial, we pretermit further discussion of the appellants’ assignment of error.
 

 DECREE
 

 For the above reasons, the judgment of the district court is vacated and remanded to the district court with instructions to reconsider the matter, consistent with this Court’s opinion.
 

 JUDGMENT VACATED AND REMANDED.
 

 [1]
 

 . In
 
 Lassere,
 
 the First Circuit enforced the ten day rule of La.C.C.P. art 966(D) as mandatory when a summary judgment was granted five days prior to trial.