# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-149


**STEPHEN FINLEY, ET UX.**

**VERSUS**

**CHRISTUS ST. FRANCES CABRINI HOSPITAL, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 220,804
HONORABLE GEORGE METOYER, JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**



**John E. Morton**
**Morton Law LLC**
**Post Office Box 11950**
**Alexandria, Louisiana 71315**
**(318) 448-1771**
**Counsel for Plaintiffs/Appellees:**
    **Stephen Finley**
    **Stacy Finley**

**Madeline Lee**
**R. Preston Mansour, Jr.**
**Bolen, Parker, Brenner, Lee & Engelsman, Ltd.**
**Post Office Box 11590**
**Alexandria, Louisiana  71315-1590**
**(318) 445-8236**
**Counsel for Defendant/Appellant:**
**Dr. Charles Ugokwe**

**KEATY, Judge.**

In this medical malpractice case, the trial court granted plaintiffs' motion for partial summary judgment against defendant doctor, Charles Ugokwe, finding that he breached the standard of care by misdiagnosing Stacy Finley's condition. Finding that the trial court's grant of summary judgment was based on a factual finding and was not timely pursuant to La.Code Civ.P. art. 966, we reverse and remand for a trial on the merits. Further finding that the trial court has broad discretion in whether to consider untimely opposition memoranda and attachments, which was addressed by the trial court prior to proceeding with the motion for summary judgment, we deny plaintiffs' motion to strike Dr. Charles Ugokwe's opposition to the motion for partial summary judgment.

## FACTS AND PROCEDURAL HISTORY

According to plaintiffs' petition, Ms. Finley presented to the emergency room at Christus St. Frances Cabrini Hospital on August 30, 2002, where she was not diagnosed for nearly a week and was ultimately misdiagnosed. Her claim had previously been submitted to a medical review panel that rendered its opinion on March 10, 2005, and found that Dr. Ugokwe's actions "did not constitute a deviation from the applicable standard of care" and that "given the multiplicity and vastly divergent symptoms with which the patient presented, [Dr. Ugokwe] took all reasonable steps in an attempt to timely reach a diagnosis of this very difficult to diagnose condition. There were differing diagnoses by various specialists, and he ordered appropriate diagnostic testing." She then filed suit against Dr. Ugokwe and three other defendants on May 11, 2005.

Plaintiffs' motion for partial summary judgment[1] that gave rise to this appeal involved Dr. Ugokwe only. In it, they alleged that Dr. Ugokwe's expert, Dr. Robert Schwendimann, who also served on the medical review panel for this case, agreed with their expert on many issues concerning Dr. Ugokwe's duty of care and alleged breach of that duty, thereby making those issues ripe for summary judgment. Their motion was filed on August 24, 2011. On August 31, 2011, Dr. Ugokwe filed his objection to plaintiffs' second motion for summary judgment. The opposition was served on plaintiffs' counsel by a runner, who left the opposition in the mail slot of the building when it was evident that plaintiffs' attorney was not present. Plaintiffs' counsel filed a motion to strike Dr. Ugokwe's opposition to the summary judgment. Both matters were heard by the trial court on September 8, 2011, and the motion for partial summary judgment was granted. On September 12, 2011, judgment was signed and made final for purposes of appeal. A trial on the merits had been scheduled for September 20, 2011, and was stayed subsequent to the summary judgment hearing. Dr. Ugokwe appealed the trial court's grant of summary judgment.

## ISSUES

There are two issues for our consideration. The first issue is whether plaintiffs' "Motion to Strike Defendants Opposition to Plaintiffs' Second Motion for Partial Summary Judgment" should be granted. The second issue as argued by Dr. Ugokwe is whether the trial court's grant of summary judgment was improper.

## DISCUSSION

We take judicial notice that the judgment granting summary judgment was improper. Louisiana Code of Civil Procedure Article 966(D) provides: "[t]he

---

[1] It was a partial motion for summary judgment because it only concerned Dr. Ugokwe's liability not that of the other defendants.

court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial." In the instant case, judgment was rendered on September 12, 2011, and trial was scheduled for September 20, 2011, which constitutes reversible error. *See Envtl. Operators, L.L.C. v. Natco, Inc.*, 08-1183 (La.App. 4 Cir. 3/18/09), 7 So.3d 1232; and *Mitchell v. St. Paul Fire & Marine Ins. Co.*, 98-1924 (La. App. 4 Cir. 1/27/99), 727 So.2d 1245. Although this defect constitutes reversible error, we will not address an error not raised in brief. Uniform Rules—Courts of Appeal, Rule 1–3.

### *Motion to Strike*

Plaintiffs allege that Dr. Ugokwe's opposition to their motion for summary judgment was not timely served on them in accordance with law. In the instant case, counsel for plaintiffs, Mr. John Morton, filed his motion for summary judgment with the court on August 24, 2011, and on that same date, it was set for hearing on September 8, 2011. He included service instructions on that filing. Allegedly, counsel for Dr. Ugokwe, Ms. Madeline Lee, was not served with the motion and order until August 30, 2011. On August 31, 2011, she filed an opposition to the motion for summary judgment and asked her runner to hand-deliver the document to Mr. Morton pursuant to La.Code Civ.P. art. 1313. Mr. Morton was not in his office, and the runner deposited the opposition into the building's mail-slot. On September 1, 2011, Mr. Morton confirmed receipt of the opposition in an e-mail to Ms. Lee. He subsequently filed a motion to strike Dr. Ugokwe's opposition, alleging it was not properly and timely served on him. Whether Dr. Ugokwe's opposition to the motion for partial summary judgment should be stricken from the record was decided by the trial court on September 8,

3

2011. Accordingly, it is appropriate for us to review the trial court's decision under the appropriate standard of review rather than address the issue anew.

Service of motions for summary judgments and oppositions thereto are governed by La.Code Civ.P. art. 966(B), which requires that they be served within the time delays provided in "District Court Rule 9.9" and requires that oppositions be served pursuant to La.Code Civ.P. art. 1313. District Court Rule 9.9(a) mandates a memorandum in support of an exception or motion and requires that it be served on all other parties "so that it is received by the other parties at least fifteen calendar days before the hearing." District Court Rule 9.9(b) requires service of oppositions to the exceptions or motions so that they are received "at least eight calendar days before the hearing." Paragraph (d) of Rule 9.9 indicates that a party who fails to comply with paragraphs (a) or (b) of the Rule "may forfeit the privilege of oral argument." Louisiana Code of Civil Procedure Article 1313 allows service by the sheriff, by mailing a copy to the counsel of record, by transmitting a copy by electronic means, or by delivering a copy to the clerk of court if there is no counsel of record and address for the adverse party is not known.

Although plaintiffs' counsel correctly points out that the fifth circuit, in *Trusty v. Allstate Insurance Co.,* 03-289 (La.App. 5 Cir. 11/12/03), 861 So.2d 634, found that service was insufficient when the process server put the motion in an attorney's mail slot after being unable to locate the attorney, this non-binding case can be distinguished from the instant case because in *Trusty* the insufficient service of a motion to compel and a rule to show cause were at issue. Both of these pleadings set a court date, mandating service "by registered or certified mail or as provided in Article 1314." La.Code Civ.P. art. 1313(C). In the instant case, the document being served was a memorandum in opposition to a motion for summary judgment, which can be served pursuant to La.Code Civ.P. art. 1313 because it

4

does not set a matter for hearing. Louisiana Code of Civil Procedure Article 1313(A)(2) allows service by "[d]elivering a copy thereof to the counsel of record" but does not specify where, how, or to what degree "delivery" is sufficient for matters that need not be served by certified mail or through a process server. There is no relevant interpretive jurisprudence that we have found concerning the sufficiency of service of a memorandum so as to constitute "delivery to counsel of record."

However, whether an opposition to summary judgment will be considered is left to the discretion of the trial court. *See Guillory v. Chapman*, 10-1370 (La. 9/24/10), 44 So.3d 272 (finding that the trial court did not abuse its discretion in "choos[ing] to follow the mandatory language of La.Code Civ.P. art. 966(B)(2), which requires a party opposing the motion for summary judgment to serve opposing affidavits and any memorandum in support thereof 'at least eight days prior to the date of the hearing.'"); *Buggage v. Volks Constructors*, 06-175 (La. 5/5/06), 928 So.2d 536 (finding that the trial court was "within its discretion in excluding an opposition filed a few minutes before the scheduled hearing on the motion," thereby precluding the appellate court from considering the late-filed opposition on appeal); and *Phillips v. Lafayette Parish Sch. Bd.*, 10-373 (La.App. 3 Cir. 12/8/10), 54 So.3d 739 (finding that the trial court did not abuse its discretion in granting a motion to strike an untimely opposition and affidavit). In *Phillips*, 54 So.3d at 743, this court stated that "the trial courts have some discretion to *allow* the late-filed materials. Nevertheless, these decisions indicate that it is not an abuse of discretion to *disallow* the late-filed materials because of the statute's mandatory language."

The issue of whether Dr. Ugokwe's opposition should be stricken was considered by the trial court during the September 8, 2011 hearing on plaintiffs'

5

motion to strike and motion for partial summary judgment. After considering the pleadings and argument of counsel on the motion to strike, the trial court stated: "Well, I don't find any prejudice to either side. So, I'm going to deny the Motion to Strike." We find no abuse of discretion in the trial court's ruling. After carefully reviewing the record and the relevant law, it is clear that the trial court was exercising its right to allow late-filed oppositions and that neither party was disadvantaged by Ms. Lee's day-late filing of the opposition, particularly since she was not properly served with the motion for partial summary judgment until August 30, 2011, only eight instead of the required fifteen days before the hearing, and she filed and served her opposition the day after she was properly served with Mr. Morton's pleadings. The motion to strike is denied.

### *Summary Judgment*

The motion for summary judgment is a procedural device whose purpose is to avoid a full-scale trial when there is no genuine issue of material fact. *Kay v. Carter,* 243 La. 1095, 150 So.2d 27 (1963). Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish those ends. La.Code Civ.P. art. 966(A)(2); *Racine v. Moon's Towing,* 01-2837 (La.5/14/02), 817 So.2d 21. The burden of proof on the motion for summary judgment remains with the movant. La.Code Civ.P. art. 966(C)(2).

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2). The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits,

show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Appellate review of a summary judgment is de novo, applying the same standard as the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730.

*Bergeron v. Liberty Mut. Ins. Co.*, 12-86, pp. 1-2 (La.App. 3 Cir. 6/6/12), ___ So.3d ___, ____.

On August 24, 2011, plaintiffs in the instant case filed their "second motion for partial summary judgment" despite the pending trial and the denial of their previous two motions for partial summary judgment against Dr. Ugokwe. According to their motion, they had recently taken the deposition of Dr. Robert Schwendimann, expert witness for Dr. Ugokwe, a second time, and he agreed with plaintiffs' expert witnesses on several issues, supposedly proving that Dr. Ugokwe breached standards of care, standard practices, and did not exercise proper judgment.

However, "[t]he question of whether conduct fell below the applicable standard of care is a factual determination." *Hypolite v. Columbia Dauterive Hosp.*, 07-357, p. 6 (La.App. 3 Cir. 10/3/07), 968 So.2d 239, 243 (citing *Curtis v. Columbia Doctors' Hosp. of Opelousas*, 03-916 (La.App. 3 Cir. 12/17/03), 862 So.2d 1125). Factual findings cannot be determined by summary judgment. See La.Code Civ.P. art. 966. Accordingly, the trial court's grant of summary judgment was improper.

## CONCLUSION

Finding that summary judgment was granted on an issue of fact in violation of La.Code Civ.P. art. 966, we reverse the trial court's grant of summary judgment and remand this matter for a trial on the merits. Costs of this appeal are assessed against plaintiffs/appellees, Stacy and Stephen Finley.

**REVERSED AND REMANDED.**